

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 6:13-CR-38-ORL-18GJK

RICHARD MIDDLETON

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by
Robert E. O'Neill, United States Attorney for the Middle District of Florida, and
the defendant, RICHARD MIDDLETON, and the attorney for the defendant,
Patrick Michael Megaro, mutually agree as follows:

A.    **Particularized Terms**

    1.    Counts Pleading To

The defendant shall enter a plea of guilty to Count One and Three
of the Indictment.  Count One charges the defendant with possession of device-
making equipment, with intent to defraud, in violation of 18 U.S.C. §§ 1029(a)(4)
and (c)(1)(A)(ii).  Count Three charges the defendant with possession of a
document-making implement, with intent that such document-making implement
would be used in the production of a false identification document, in violation of
18 U.S.C. §§ 1028(a)(5) and (b)(1)(C).

Defendant's Initials _R.M_                      AF Approval _NMG_

## 2. Maximum Penalties

Counts One and Three carry a maximum sentence of 15 years imprisonment, a fine of $250,000, a term of supervised release of three years, and a special assessment of $100 per felony count. Pursuant to 18 U.S.C. § 3584, the Court may run the terms of imprisonment for Counts One and Three concurrently or consecutively. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

## 3. Elements of the Offenses

The defendant acknowledges understanding the nature and elements of the offenses with which the defendant has been charged and to which the defendant is pleading guilty.

The elements of Count One are:

| | |
|---|---|
| First: | the defendant knowingly had custody or control of or possessed device-making equipment; |
| Second: | the defendant acted with intent to defraud; and |
| Third: | the defendant's conduct in some way affected interstate or foreign commerce. |

The elements of Count Three are:

| | |
|---|---|
| First: | that the objects described in Count Three of the Indictment are document-making implements; |
| Second: | that the defendant knowingly possessed those implements; |

Defendant's Initials ⟨ʌ⟩          2

Third:    that the defendant acted knowingly and with intent
          that such implements would be used in the production
          of false identification documents; and

Fourth:   that the defendant's possession of the document-
          making implements affected interstate commerce.

4.   Counts Dismissed

At the time of sentencing, the remaining counts against the

defendant, Counts Two and Four, will be dismissed pursuant to Fed. R. Crim. P.

11(c)(1)(A).

5.   No Further Charges

If the Court accepts this plea agreement, the United States

Attorney's Office for the Middle District of Florida agrees not to charge the

defendant with committing any other federal criminal offenses known to the

United States Attorney's Office at the time of the execution of this agreement,

arising out of the defendant's conduct at the Lucayan Village Resort, located at

3040 Polynesian Isles Boulevard, in Kissimmee, Florida on August 19, 2011.

6.   Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will

recommend to the Court that the defendant be sentenced within the defendant's

applicable guidelines range as determined by the Court pursuant to the United

States Sentencing Guidelines, as adjusted by any departure the United States

has agreed to recommend in this plea agreement.  The parties understand that

such a recommendation is not binding on the Court and that, if it is not accepted

Defendant's Initials _____          3

by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

      7.    <u>Acceptance of Responsibility - Three Levels</u>

      At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

      Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.4., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

Defendant's Initials _____         4

8.    Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18, U.S.C. §§ 982(a)(2)(B), 1029(c)(1)(C) and 1028(b)(5), whether in the possession or control of the United States, the defendant or the defendant's nominees.  The assets to be forfeited specifically include, but are not limited to, the following devices possessed and used in the commission of the crimes which the defendant is admitting as part of this plea agreement: a card EQ foil press "tipping" machine with no model or serial number; a card EQ card embossing machine with no model or serial number; a Sony VAIO laptop computer, serial number 275163303035137; an electronic card reader/writer device, model number MSR905, serial number MSR10600400; an HDP5000 electronic card making device containing two pieces, one with serial number BIO30446F and the other with serial number B0230126; a Zebra P403I electronic card making device with serial number P430002865; and $2,524 United States Currency, which are the proceeds of the crimes which the defendant is admitting as part of this plea agreement.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action.  The defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this

Defendant's Initials _F P_            5

Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to the provisions of Rule 32.2(b)(1)(A), the United States and the defendant request that promptly after accepting this Plea Agreement, the Court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offenses to which the defendant is pleading guilty and enter a preliminary order of forfeiture. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United

Defendant's Initials _____          6

States.  The defendant agrees that Federal Rule of Criminal Procedure 11 and U.S.S.G. § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of his cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing.  In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement.  If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above.  The Court shall retain jurisdiction to settle any disputes arising from application of this clause.  The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Defendant's Initials _____        7

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

**B.     Standard Terms and Conditions**

    1.     Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to,

Defendant's Initials _____        8

garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $200, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing.

The defendant understands that this agreement imposes no limitation as to fine.

2.    Supervised Release

The defendant understands that the offenses to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.    Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the counts to which the defendant pleads, to respond to comments made by the defendant or the defendant's counsel, and to correct any

Defendant's Initials ⟨ı̂⟩          9

misstatements or inaccuracies.  The United States further reserves its right to

make any recommendations it deems appropriate regarding the disposition of

this case, subject to any limitations set forth herein, if any.

      4.      <u>Financial Disclosures</u>

      Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P.

32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States

Attorney's Office within 30 days of execution of this agreement an affidavit

reflecting the defendant's financial condition.  The defendant promises that

his/her financial statement and disclosures will be complete, accurate and

truthful and will include all assets in which he/she has any interest or over which

the defendant exercises control, directly or indirectly, including those held by a

spouse, dependent, nominee or other third party.  The defendant further agrees

to execute any documents requested by the United States needed to obtain from

any third parties any records of assets owned by the defendant, directly or

through a nominee, and, by the execution of this Plea Agreement, consents to

the release of the defendant's tax returns for the previous five years.  The

defendant similarly agrees and authorizes the United States Attorney's Office to

provide to, and obtain from, the United States Probation Office, the financial

affidavit, any of the defendant's federal, state, and local tax returns, bank records

and any other financial information concerning the defendant, for the purpose of

making any recommendations to the Court and for collecting any assessments,

fines, restitution, or forfeiture ordered by the Court.  The defendant expressly

Defendant's Initials __L.M__          10

authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

     5.    <u>Sentencing Recommendations</u>

         It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.  The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office.  The defendant further understands and acknowledges that any discussions between the defendant or the defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, the defendant will not be permitted to withdraw the defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

     6.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

Defendant's Initials   _ɩ_ɒ_l_            11

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

7.     <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring the defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

8.     <u>Filing of Agreement</u>

Defendant's Initials ___ᴸᴹ___          12

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of the defendant's entry of a plea of guilty pursuant hereto.

9.    <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and the defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges the defendant's understanding of the nature of the offense or offenses to which the defendant is pleading guilty and the elements thereof, including the penalties provided by law, and the defendant's complete satisfaction with the representation and advice received from the defendant's undersigned counsel (if any).  The defendant also understands that the defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that the defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against the defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in the defendant's defense; but, by pleading guilty, the defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if the defendant pleads guilty, the Court may

Defendant's Initials ___{ ⌒}___              13

ask the defendant questions about the offense or offenses to which the

defendant pleaded, and if the defendant answers those questions under oath, on

the record, and in the presence of counsel (if any), the defendant's answers may

later be used against the defendant in a prosecution for perjury or false

statement. The defendant also understands that the defendant will be

adjudicated guilty of the offenses to which the defendant has pleaded and, if any

of such offenses are felonies, may thereby be deprived of certain rights, such as

the right to vote, to hold public office, to serve on a jury, or to have possession of

firearms.

      10.    Factual Basis

          The defendant is pleading guilty because the defendant is in fact

guilty. The defendant certifies that the defendant does hereby admit that the

facts set forth below, are true, and were this case to go to trial, the United States

would be able to prove those specific facts and others beyond a reasonable

doubt.

FACTS[1]

      On or about August 19, 2011, in Osceola County, Florida, in the Middle

District of Florida, the defendant, **RICHARD MIDDLETON ("MIDDLETON")**,

knowingly possessed device-making equipment and document-making

---

[1] The factual basis is prepared by the United States and does not include all of
the facts relevant to the defendant's involvement in the crime to which the
defendant is pleading guilty and other illegal activities in which the defendant
may have been involved.

Defendant's Initials  $\underset{\sim}{\ell}$ ฦ       14

implements, with intent to defraud and with intent that such document-making implements would be used in the production of a false identification document, and thereby affected interstate commerce.

Specifically, on August 19, 2011, **MIDDLETON** possessed the following items, inside of room 3-103 of building 29596 of the Lucayan Village Resort, a time-share resort, located at 3040 Polynesian Isles Blvd., in Kissimme, Florida:

(a) a card EQ foil press "tipping" machine with no model or serial number;

(b) a card EQ card embossing machine with no model or serial number;

(c) a Sony VAIO laptop computer, serial number 275163303035137;

(d) an electronic card reader/writer device, model number MSR905, serial number MSR10600400;

(e) an HDP5000 electronic card making device containing two pieces, one with serial number BIO30446F and the other with serial number B0230126;

(f) a Zebra P403I electronic card making device with serial number P430002865;

(g) sheets of MasterCard hologram stickers;

(h) blank white plastic cards with black magnetic strips on the back, consistent in size and shape with genuine state issued identification cards and driver's licenses;

Defendant's Initials  ̲̲ ̲ ̲ ̲ ̲ ̲ ̲ ̲ ̲ ̲ ̲    15

(I)     a package of "Seal and Key" holograms consistent with holograms

       on genuine state issued identification cards and driver's licenses;

       and    *a total of* *1,219*         *and*   *A.C.S.* *5/29/13*

(j)     ~~approximately~~ 1,600 American Express, Visa, ~~and MasterCard~~        *PMM 5/29/13*

       credit cards, which had not been embossed with credit card

       numbers.

The above-listed items are device-making equipment in that they are

equipment, mechanisms, or impressions designed or primarily used for making

counterfeit access devices, that is, counterfeit credit cards (or identifiable

components of counterfeit credit cards).  The above-listed items are document-

making implements in that they are implements, impressions, templates,

electronic devices, or computer hardware or software, that are specifically

configured or primarily used for making a false identification document.  A

forensic analysis was performed on the above-listed computer, which revealed

that programs for printing counterfeit credit cards and drivers licenses were

installed onto the computer.  The internet history of the computer also revealed

that a user of the computer had visited websites used to acquire credit card

numbers and templates for counterfeit credit cards, and to verify if a particular

credit card number had been reported stolen.  The analysis also revealed that a

user of the computer used search engines to search for a number of terms

consistent with the illegal manufacture of credit cards and Virginia driver's

licenses.  Historical Gmail correspondence was also located on the computer,

Defendant's Initials _____                    16

which revealed a transaction between two email accounts for American Express account numbers and photographs in exchange for a payment of money. On the hard drive of the computer, there were artifact files indicating user activity consistent with the manufacture of counterfeit credit cards and fake identifications, including passport photographs of a male with PDF files of names, dates of birth, and Virginia addresses. The analysis on the computer also revealed bin lists of credit card numbers as well as the names of issuing banks, templates for blank MasterCard and Visa credit cards, and cache files of previously printed credit cards and drivers licenses. Based on the foregoing, the computer is also device-making equipment and a document-making implement.

**MIDDLETON** possessed the above-listed device-making equipment and document-making implements in the time-share room, which he rented. When law enforcement officers from the Osceola County Sheriff's Office came to the room to investigate, **MIDDLETON** was present along with the above-listed items. **MIDDLETON** was evasive with the officers, providing them with a false name and a false Virginia driver's license with his photograph on it. The officers eventually executed a state-issued search warrant on the above-listed time-share room and recovered the above-listed device-making equipment and document-making implements. During the search, officers also recovered numerous legitimate gift cards, a second false Virginia driver's license with **MIDDLETON's** photograph on it, and $2,524 United States Currency.

Defendant's Initials ⟨ ⟩           17

On or about August 23, 2011, a resort employee found a wallet in the above-listed time-share room.  The wallet was turned over to a law enforcement officer from the Osceola County Sheriff's Office.  The wallet contained a third false Virginia driver's license with **MIDDLETON's** photograph on it, and five counterfeit American Express cards.  The name on the third false Virginia driver's license and the five American Express cards is the same name **MIDDLETON** used to rent the time-share room.  Further investigation revealed that the foil on the above-listed card EQ foil press "tipping" machine matched the names and impressions on the five American Express cards, confirming that this machine was used to emboss these counterfeit credit cards.

**MIDDLETON's** possession of the above-listed device-making equipment and document-making implements was in or affecting interstate commerce in that he possessed the items along with multiple false Virginia driver's licenses, indicating that the equipment was intended to be used for the production of out of fake state driver's licenses.  Further, the Zebra electronic card making device and the "tipping" machine **MIDDLETON** possessed were manufactured outside the State of Florida, but recovered in Florida.  In addition, the counterfeit credit cards **MIDDLETON** possessed in the time-share room, purported to be Visa, American Express, and MasterCard credit cards, companies which utilize interstate bank channels when gaining approval for charges.

11.   Entire Agreement

Defendant's Initials  ᴋ∩              18

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or the defendant's attorney with regard to such guilty plea.

12.   Certification

The defendant and the defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that the defendant fully understands its terms.

DATED this ___16___ day of May, 2013.

ROBERT E. O'NEILL
United States Attorney

_____          By: _____
RICHARD MIDDLETON                                Andrew C. Searle
Defendant                                        Assistant United States Attorney

_____          _____
Patrick Michael Megaro                           Vincent Citro
Attorney for Defendant                           Assistant United States Attorney
                                                 Deputy Chief, Orlando Division

Defendant's Initials _____